case number 20-7087 Cameroon Whiteru individually and as personal representative of the estate of Okemuk-D.C. Whiteru and Agnes Whiteru Avalance versus Washington Metropolitan Area Transit Authority. Ms. Graber for the Avalance, Mr. Amir Fallingham for the Avalanche. Ms. Graber, good morning. Good morning, your honor, and may it please the court. In this case, the district court recognized that WMATA, like every common carrier, owes a duty to rescue its passengers and WMATA does not contest that. The district court also recognized that the duty remained even when the passenger's own negligence caused the need for the rescue. And again, WMATA does not contest that. At page 43 of its brief, it concedes the duty. The district court's judgment and WMATA's brief rely only on the argument that a passenger's negligence bars his recovery even when a common carrier has a duty to rescue him from the consequences of that negligence. That argument is directly contrary to section 314a of the restatement which the District of Columbia has adopted. It is contrary to a long line of common law finding that contributory negligence is not a bar to recovery against common carriers who fail to fulfill their duty to rescue their injured or helpless passengers. And it is contrary to public policy and common sense in this case where WMATA invited intoxicated passengers to use its late night services as a safer alternative for other means of getting home after a night out of the bars. Plaintiff does not dispute that Mr. Witteroo was negligent, but Mr. Witteroo's negligence ended when he fell and was paralyzed. And at that point, WMATA's duty to rescue him arose regardless of the cause of his injuries. We have never disputed that WMATA may raise a contributory negligence defense in some cases, but not in cases claiming damages for the worsening of an injury after WMATA's duty to rescue a plaintiff from his own negligence arose. Indeed, it would be a peculiar rule of law that where a defendant's and where that duty requires the defendant to take care of the plaintiff because of his negligence, the plaintiff's negligence nevertheless bars their recovery. And that is not the law in the District of Columbia. WMATA has not disputed that the district follows section 314A of the second restatement of torts. And that section states that a common carrier has a duty to come to the aid of its injured passengers after it has reason to know that they are injured. The Court of Appeals has turned to section 314A repeatedly to define the duties that WMATA owes to its passengers. There are a few cases cited on page 12 of our opening brief, WMATA v. O'Neill and McKechnie v. WMATA. And additionally, since briefing in this case was completed, I'd like to draw the court's attention to a case in the federal district court that was another failure-to-rescue case, a slip-and-fall against WMATA, in which that court held that 314A of the second restatement has been relied upon by the D.C. Court of Appeals to determine the scope of WMATA's duties to its passengers. That case is Cobb v. WMATA, 2021 Westlaw 2935891. And it was from a common carrier for the worsening of the injuries if the common carrier negligently fails to render aid. Comment. The district court and WMATA here place a lot of reliance on the D.C. Pattern Jury Instruction Language and the Andrews v. Wilkins case from our court. Um, why, why was it, um, why aren't those cases controlling here? Your Honor, again, we have not contested that there are cases in which contributory negligence could bar a claim against WMATA, but the D.C. Pattern Jury Instruction doesn't apply to a failure-to-rescue case, because in that kind of case, WMATA's duty presupposes that the plaintiff is in peril, and it takes into account that WMATA owes him a duty to rescue him from that peril. So the D.C. Pattern Jury Instructions and cases cited by WMATA and the district court are only cases, um, where the plaintiff and WMATA's negligence concurred in time to produce an initial injury. They don't involve then there's a claim that WMATA failed to render aid after the injury. And I will get to your question about Andrews, but I just want to illustrate this point. If you take the case of WMATA v. Cross, for example, that was a case where an elderly woman fell backwards and hit her head when she was standing in the aisle when a WMATA bus moved. Now, in that case, even if a jury had found that the plaintiff had been negligent in standing while the bus moved, and even if the jury had gone on to find that WMATA was not negligent when the bus began to move, if the bus driver had just let Mrs. Cross lie in the aisle bleeding without rendering any assistance, Mrs. Cross would have had a claim for the aggravation of her injuries that resulted. Now, she didn't bring that claim, but WMATA's argument here is that she would not have been able to recover at all for that, and that's not the law. With regard to the Andrews case, in that case, this court did not determine that there was any duty for the police officers to rescue Mr. Andrews. In fact, they found the opposite with regard to the constitutional duty. They decided that there was no duty to rescue, and in the absence of that special relationship between the plaintiff and the defendant, there was no reason for the court to consider whether contributory negligence would bar the plaintiff from recovery. The fact that the officer's again, in the absence of that relationship, was just a fact of the case. It wasn't a fact that had significant legal importance, but in this case, again, WMATA has never disputed. I get your point. Was there a dispute of fact below about whether the plaintiff's injuries were, in fact, aggravated by the alleged breach of duty by WMATA? There's certainly a dispute of fact regarding whether WMATA should have discovered Mr. Witteroo. I don't believe that there is a dispute of fact regarding that. Had Mr. Witteroo been discovered in a timely fashion during the normal inspection rounds that the WMATA station manager was required to make, he would have made a full recovery. There is a dispute of fact regarding whether or not the station manager made those rounds and whether she should have discovered Mr. Witteroo during those rounds. The district court determined in its initial summary judgment opinion that that could go to the jury. The district court, I thought, also determined that plaintiff needed to have expert testimony about the national standard of care and whether that standard was breached here. I guess that issue still needs to be litigated because the second summary judgment motion was granted before the district court reached that issue or where did that end up? Yes, Your Honor, that's right. The district court allowed the discovery to be reopened for the plaintiffs to name additional experts. WMATA has filed a motion in limine challenging those experts to which the plaintiffs have responded, but it did not file for summary judgment on the basis that the experts were inadequate to establish the national standard of care and the motion in limine was never ruled on. So, that issue is not currently before the preserve time for rebuttal. We'll give you a couple minutes if there are no questions. All right, thank you. Mr. Armarthalagam. Good morning, Your Honor. To make police a court, my name is Nimi Armarthalagam. I represent the defendant, Appeli WMATA. I think we can all agree that contributory negligence is the law in the District of Columbia. I think we can all agree that there's no statute or regulation or rule of law that would prevent the application of contributory negligence in this case. Plaintiff is arguing in this case that WMATA had a duty to aid Mr. Wideroo after his negligent act. However, plaintiff has admitted that they are not seeking the common exception to contributory negligence in those cases, which is the last clear chance doctrine. Plaintiff is also claiming that there's no negligent act by WMATA that caused Mr. Wideroo. But counsel, last clear chance is completely separate from the theory of recovery under restatement section 314a, correct? I would disagree. The last clear chance doctrine is discussed later on in the restatement under the contributory negligence section and the section that talks about in that section that talks about when contributory negligence cannot be applied. And I think the district court noted that in its ruling. Section 314a deals with duty. And that is a lot of what appellants have been discussing is duty, but contributory negligence deals with recovery. So as in the Evans case, WMATA was found negligent. The jury found WMATA negligent of running over Mr. Evans, but ruled that he could not recover because of the contributory negligence. And that ruling was affirmed by the DC circuit. That wasn't a duty to rescue or a duty to render aid case. So that, that case is irrelevant. Well, I think it's, it's one in the same, because I think it's a duty to prevent harm to a person, whether it was Mr. Evans was in the road and to prevent counsel, come on council. There are two different things. Let's just, are you contesting that restatement section 314a is the law in the district of Columbia? I'm not, I would agree with that. I think WMATA has a duty to aid people. So the way that, that, that, that duty to aid operates then is if WMATA has a duty to render aid, even if the plaintiff was negligent in causing the injury in the first place, and WMATA does not fulfill its duty to render aid, then WMATA can be liable for the aggravation of the injuries. That's what the restatement. But, but in this case, I don't think there was an aggravation of the injury. His, the reasonable consequence. Answer my question as to the law. Did I just state the law correctly? I don't, I don't think the, I don't think 314a says that it's, I mean, I think a reading of 314a doesn't say that it encompasses the aggravation of injury. It says that the common carry has a duty of the passenger to take reasonable action to give them aid and to take care of them until they're, until they can be cared for by others. Judge Wilkins, we've lost your audio. I'm looking, thank you. I'm looking at the illustration one of restatement 314a. A passenger on the train of B railroad negligently falls off the train and is, and is injured. The train crew discovered that he has fallen off, but do nothing to send aid to him or to notify others to do so. A lies unconscious by the side of the track in a cold rain for several hours, as a result of which his original injuries are seriously aggravated. B railroad is subject to liability to aid for the aggravation of his injuries. Yes, I see that. Isn't that the theory of liability here? I understand the appellant's theory and I understand what you, what you said, but I mean, that illustration one, as the appellant said, came from the Yazoo case. And in that case, there was no contributory negligence found. And I think there is a difference between negligence and contributory negligence. The, the, the illustration itself begins by saying A, a passenger on the train of B railroad negligently falls off the train. So the illustration itself, even if it was taken from the Yazoo case, the illustration assumes that A, the passenger was negligent. I agree, but I think, I do think there's a difference between negligence, committing a negligent act and something that's contributory negligence, which is the proximate cause of your damages. I think there is a difference there. Okay. I failed to see it, but continue your argument. Okay. Just before you begin, I failed to see it too. So what is the difference between negligence and contributory negligence? Certainly under 314A. Well, I think if you're a contributory negligent, there's been a determination that you are, you've, you have, your actions are approximate cause of your damages. And I think if you're just acting negligent and there's been no finding that, that negligence is the proximate cause of your damages, I think that's the difference. Well, it depends, I guess, on when you're looking at the determination that someone was either negligent or contributory negligent. Not just the allegation, but the finding. Yeah. Go ahead with your argument. Yeah. And I mean, I would, I think in Yazoo, which that illustration is based on, the court found that, I mean, it was a jury issue and the jury did not find put the plaintiff in a position of peril by its actions of, you know, the plaintiff could not sit inside the train. He had to sit outside by the side of the train. So I think it's a little bit different. But the plaintiff in this case is also not alleging any antecedent negligence on the part of WMATA in putting him in a position of peril. So the plaintiff is relying on out-of-state cases when there is D.C. case law that establishes that a passenger's contributory negligence can bar their claim. There's cases in D.C. There's the Fells case, the Butler and the McAuliffe case. And as the court has previously recognized, there is a D.C. jury instruction on it. And the Andrews case, I think, is particularly instructive. There was a common law negligent duty to aid claim in that case. And the court analyzed that by finding that the decedent was contributory negligent and that he could not recover because he could not avail himself of the last clear chance doctrine. And I think the Evans case is also on point because the court held that when the plaintiff was arguing that his antecedent negligence didn't matter, the court held, well, that's contrary to D.C. law. But it wasn't a duty to render aid case. I understand. I understand. So you're telling me that if someone is on a WMATA bus and the bus driver tells them, sit down, but they don't. And as a result, when the bus stops, the person falls down and hits their head and the bus driver doesn't render any aid and doesn't allow anyone else to help the passenger and assume for the hypothetical that the injuries are aggravated, that WMATA would not be liable. Is that your position? No, because I think in that instance, contributory negligence doesn't apply if there's reckless indifference or gross negligence. I think if somebody had seen somebody that's injured, if a WMATA employee had seen a passenger that was injured and just disregarded them, I don't think they can use contributory negligence. But there was contributory negligence by the plaintiff because the plaintiff didn't sit down told to sit down and their negligent act resulted in them falling and resulted in them becoming injured in the first place. That's contributory negligence by the plaintiff, right? Yes. But I guess the distinction is that I'm trying to make is that if the bus driver just ignored him, that would be gross negligence or reckless indifference. And you can't apply contributory negligence as a defense in that instance. Isn't that section restatement section 314A illustration one, my hypothetical, isn't it the same as the application of the common carrier's duty to render aid because of the special relationship? That's the basis of the restatement? Yeah. And the train operator in that case disregarded when other passengers were telling them that this person had fell over and he said, well, we'll get him later. And they went, you know, three or four stops later in his, he had suffered more injuries. So what's the difference between my hypothetical and the plaintiff's case here, Mr. Witterer? Well, I don't think there's any evidence that anybody deliberately ignored Mr. Witterer or disregarded him after they had noticed him. There's no evidence in the case of that. Well, we haven't gotten there yet, right? That's the whole point. I agree. I agree. There is a motion to eliminate on that, on the duty issue. But there, but at, at this point, there is no evidence that somebody committed gross negligence or reckless indifference to Mr. Witterer. And I think, I think the appellant would agree with that. There is no evidence in the case. Discovery is over. The, the, the issue is in the remaining in the cases, was there a duty to look over the parapet wall into an area where passengers don't normally, don't normally stand or wait for a train? All right. Thank you. All right. Judge Tatel, do you have any questions? No. Okay. All right. Then Madam Clerk, I believe Ms. Graber has some time left. No, but take two minutes. Okay. Thank you. I just wanted to refer the court to page 64 of the joint appendix about the aggravation of injury issue, in which shows that there is agreement between the parties that had Mr. Witterer been discovered at 1.30 AM, which was the time that the next inspection was supposed to take place after his fall, he would have survived his injuries. And so the Witterer's argument is that the failure of the defendant to make a reasonable inspection of the station did lead directly to Mr. Witterer's several hours of pain and suffering and to his death. And I'll just conclude by noting that I do think that the application and the admission by WMATA that 314A applies to this case resolves this case. Because 314A makes clear that it's not only when the common carrier knows that its passengers are injured, but when it has reason to know that they are ill and injured, that it must take action to save them from the consequences of their own negligence. And that is the duty that WMATA violated here. And it cannot raise Mr. Witterer's contributory negligence as a bar to his recovery. Thank you. All right. Thank you, counsel. Madam Clerk, if you would adjourn court.
judges: Henderson, Tatel, Wilkins